UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
NORTHERN DIVISION

------------------------------------------------------------------------

NOAH BASS,

                                    Plaintiff,

        *-against-*

NEW JERSEY AFFORDABLE HOMES CORP,
WAYNE PUFF, BRUCE PUFF, and GEORGE J.
OTLOWSKI,

                                    Defendants.

**COMPLAINT
IN CIVIL ACTION**

**CASE NO:**_____

------------------------------------------------------------------------

        Plaintiff, Noah Bass, by his attorneys, Greenwald Law Offices, LLP, for his complaint against the defendants alleges as follows:

        1.      The plaintiff is an individual residing within the State of New York during all relevant times.

        2.      Defendant, New Jersey Affordable Homes Corp, is a corporation doing business in the State of New York including being engaged in the sale, solicitation for sale and advertising of mortgage backed investment contracts although having an office located at 100 West Pond Road, Hopelawn, New Jersey 08861.

        3.      Upon information and belief, defendant, WAYNE PUFF, is a principal of NJAHC and conducts business in the States of New Jersey and New York.

        4.      Upon information and belief, defendant, BRUCE PUFF, is a principal of NJAHC and conducts business in the States of New Jersey and New York.

5.      Upon information and belief, defendant, GEORGE J. OTLOWSKI, is an attorney undertaking to represent and in fact representing clients in the States of New Jersey and New York, including the plaintiff, NOAH BASS.

## JURISDICTION

6.      Jurisdiction and venue are proper before this court in that the action arises out of defendant's violation of and is interposed under the laws of the United States, including the Securities Act of 1933, Sections 5(a) and (c), 12 and 17(a), 15 U.S.C. §§ 77$e$(a) and (c), 77l and 77$q$(a), the Securities Exchange Act of 1934, Section 10(b), 15 U.S.C. §78$j$(b) and Rule 10(b)(5) promulgated thereunder, 17 C.F.R. §270.10b-5.

7.      Jurisdiction over suits to enforce liability under the foregoing statutes and other related claims is conferred upon this court pursuant to the Securities Act of 1933 § 22(a), 15 U.S.C. §77$v$(a, the Securities Exchange Act of 1934 §27, 15 U.S.C. § 78aa and 28 U.S.C. §§1331 and 1367.

8.      Each of the defendants conducts business or engaged in acts giving rise to the causes of actions asserted herein within the States of New Jersey and New York.

## BACKGROUND

9.      From January 1998 to the present defendants and each of them with the aid and assistance of the remaining defendants, participated in a fraudulent scheme advertising high yield mortgage backed investment contracts to the general public through direct and broadcast media advertisement and sales promotion in the tri-state area, including New York through WABC radio in New York, New York.

2

10.    In direct communication and solicitation of plaintiff in New York defendant's represented that they could, through First Trust Corporation of Denver, Colorado, facilitate the opening of qualified individual retirement accounts and use the retirement funds deposited or transferred to that IRA to purchase investment contracts in the form of participation in so called "Lock" rate mortgaged backed investment contracts.

11.    Beginning on or about January 1998, defendants and each of them favorably compared investment through them versus the stock market on the basis that the return on investment, among other things:

a)    Was "LOCK[ED] IN [AT] OUR 15.87% RATE" [emphasis not added};

b)    Was only temporarily available and that plaintiff must act immediately to obtain their locked in or fixed rate of return "WHILE YOU STILL CAN" {emphasis not added};

(c)    That defendants' "biggest competition has been the stock market" and that "Not if but when the [stock] market goes down, our rate will drop substantially. There will be no need for us to pay 15.87%. **Ten percent will be more like it**." {emphasis not added};

(d)    That their locked in or fixed rate investment contract would yield "**250% more of a return on your money compared to 3% that the DOW has given you so far this year**." {emphasis not added.}; and

(e)    That their "LOCK[ED]" and "fixed" rate of return on investments made with them "will still beat CD's and most other fixed rate interest programs" presumably regardless of and no matter what the performance of the stock market was.

3

12.     Each of the foregoing statements both materially misrepresented the facts and failed to disclose the actual risks and nature of the investment contracts being sold. Plaintiff reasonably relied upon the statements in making his investment decisions.

13.     Beginning in or about January 1998 plaintiff deposited and/or transferred retirement savings to First Trust Corp. in an account denominated and known by the defendants and each of them to be an individual retirement account.

14.     Defendants falsely represented that they were qualified, knowledgeable and competent investment advisors and that through the facilities available to them with the other named defendants they could and would advise plaintiff on the most appropriate investments for achieving the plaintiff's investment goals.

15.     George J. Otlowski is an attorney and represented himself to be an expert regarding real estate valuation, mortgages, and title insurance sufficient to secure plaintiff's investment.  As plaintiff's attorney and investment advisor, George J. Otlowski placed himself in a position of trust and confidence *vis a vis* the plaintiff, who reasonably and completely relied upon George J. Otlowski 's knowledge and expertise with regard to securing his investments.

16.     Plaintiff's investment goals were stated to Otlowski and to each of the defendants to be the preservation of plaintiff's retirement funds, long term preservation of principal, growth and non-fluctuating income, marketability and liquidity.

17.     The defendants, falsely represented to the plaintiff that the investments made on his behalf, including in over valued, speculative and high risk partial interests in real estate investment contracts secured with mortgages against defendant NJAHC as borrower, fulfilled his investment goals including, among other things, that:

4

a)      The investments would yield 15.87% and that interest payments would be accrued and payable quarterly;

b)      The investments in the participation contracts were backed by valuable real property and improvements mortgaged in favor of plaintiff at amounts no more than 75% of the actual value of the real property and improvements being borrowed against;

c)      The plaintiff's participation contract was liquid and marketable and that the plaintiff's money [was and would be] available on demand, and

d)      There would be residual value in addition to the income from the mortgage backed participation contracts sufficient to return all of plaintiff's principal investment;

18.      That upon plaintiff's inquiries concerning interest earned, the availability and liquidity of both the income and principal balance of his investments the defendants repeated and reiterated each of the misrepresentations in order to induce and entice the plaintiff to roll over income into new locked in and fixed rate investment contracts and to continue his participation in the partial interest in mortgage backed investment contracts already held in his account.

19.      Undisclosed to the plaintiff at the time of plaintiff's investment in the mortgage backed fixed income investment contracts and other investments were the substantial fees, including attorney fees, commissions to sales staff, and tax benefits to be earned by defendants, which upon information and belief were to be and were shared with George J. Otlowski.

20.      Defendants' misstatements and omissions of fact were material and relevant to plaintiff's investment decisions, which if known at the time, would have caused the plaintiff to refuse to invest in the fixed income mortgage backed investment contracts and other investments defendants made on his behalf.

5

21.     During the entire period of time defendants falsely assured the plaintiff that his investments were safe and secure.  For example, in response to a letter issued pursuant to a consent judgment entered November 21, 2002, defendants perpetuated the fraud by falsely representing that, among other things, the complaint resulting in the consent judgment related solely to a single transaction in which the plaintiff had not invested, the plaintiff's investments remained safe and secure, the company and the plaintiff's investments remained sound and liquid, the investments could be more quickly liquidated than provided under the consent judgment, the investments would continue to earn the interest rates agreed until maturity or such time as the plaintiff requested sale and that the plaintiff could continue to receive the return on investment offered by defendants as well as accomplish the sale and liquidation of their investment in an orderly manner if he did not exercise the rescission rights offered under the consent judgment.

22.     In reliance on the original false representations that were not corrected and indeed were perpetuated under the inadequate rescission offer, as well as the false representations made in connection with the rescission offer itself, plaintiff was induced not to exercise the rights he otherwise would have under the rescission offer and under applicable law and regulations at that time. Indeed mis-representations of material facts were repeated continuously through mid 2005 together with offers to "roll over" investments into new investment contracts that also failed to meet applicable registration and disclosure requirements under applicable state and federal securities laws as well as other statutory and common law requirements.

23.     For at least the last year the plaintiff has made repeated requests for the sale and liquidation of his retirement investments in anticipation of his retirement needs. His communications have been ignored and/or responded to with further fraudulent misrepresentations.

6

24.     Indeed, as late as the June of 2005, after plaintiff had received notice that in fact the defendants had been subject to numerous lawsuits claiming that they had engaged in deceptive and false representations in connection with the sale of securities, had the issues of deceptive and false representations in connection with the sale of securities decided summarily against them and or repeated settled such claims in preference to certain investors over the plaintiff's claims, entered into a consent judgment on the basis of the issues decided adverse to them in one of those lawsuits, were subject to investigation by New Jersey state officials for breach of the consent judgment, were subject to an investigation by the US Securities and Exchange Commission for ongoing false and deceptive practices in connection with the sale of securities and other revelations concerning their deceptive scheme began to surface, the defendants falsely assured the plaintiff that his investments were secure, safe and liquid.  The remaining defendants have failed to inform the plaintiff that the investments were over valued, speculative, insecure, and illiquid.

25.     Upon information and belief, the mortgage backed fixed income investment contracts and other investments in which defendants invested plaintiff's retirement funds had and have insufficient value to pay plaintiff his principal investment or locked in and fixed income.  Defendants knew or should have known as early as January 1998 that the investments made on behalf of plaintiff through the defendants were over valued, speculative, of high risk, incapable of generating sufficient income to pay the fixed rate of return and otherwise inconsistent with the defendants' representations and plaintiff's known investment objectives.

26.     Such investments were in fact made solely to generate income to the defendants who upon information and belief have looted the plaintiff's account of all its value.

## FIRST CAUSE OF ACTION
(Rescission Under Securities Act)

27.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 27 as if fully set forth in this First Cause of Action.

28.     The investment contracts at issue are securities as defined in the Securities Act of 1933, §2(1), 15 U.S.C. §77*b*(1).

29.     The mortgage backed investment contracts were sold without registration or written prospectus, but with written and oral statements of material fact which were untrue and which omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

30.     At the time of his investment in each of the investment contracts plaintiff was unaware that the statements contained in any written and oral statements of material fact were untrue, or of any facts omitted from any written or oral statements made by the defendants.

31.     Had the plaintiff known the foregoing written and oral statements of material fact were untrue, or known of the omitted statements of material fact he would not have purchased the mortgage backed investment contracts and other investments.

32.     Pursuant to the Securities Act of 1933 §§12(1) and 12(2), 15 U.S.C. §§77*l*(1) and 77*l*(2) the plaintiff is entitled to recover of the defendants all consideration paid for purchase of any such limited partnership interest or this investment together with interest thereon from the date of purchase and for damages as to any such mortgage backed investment contract or other investment that plaintiff owns.

33.     Plaintiff hereby tenders the limited partnership interests and other investments owned by his to said defendants and each of them.

34.     Said defendants and each of them are control persons as defined in the Securities Act of 1933, §15, 15 U.S.C. §77*o* and are jointly and severally liable to the plaintiff for any and all liability and damages.

## SECOND CAUSE OF ACTION
(Common Law Rescission of Sale of Securities
Obtained by Means of Untrue Statements)

35.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 though 35 as if fully set forth in this Second Cause of Action.

36.     The mortgage backed investment contracts were sold by means of written and oral statements of material fact which were untrue and which omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

37.     At the time of his investment in each of the investment contracts plaintiff was unaware that the statements contained in any written and oral statements of material fact were untrue, or of any facts omitted from any written or oral statements made by the defendants.

38.     Had the plaintiff known the foregoing written and oral statements of material fact were untrue, or known of the omitted statements of material fact he would not have purchased the mortgage backed investment contracts and other investments.

39.     The plaintiff is entitled to recover of the defendants all consideration paid for purchase of any such limited partnership interest or other investment together with interest thereon from the date of purchase and for damages as to any such mortgage backed investment contract or

other investment that plaintiff owns.

40.    Plaintiff hereby tenders the limited partnership interests and other investments owned by his to said defendants and each of them.

41.    Said defendants and each of them are jointly and severally liable to the plaintiff for any and all liability and damages.

### THIRD CAUSE OF ACTION
(Fraudulent Initial Sale of Securities)

42.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 42 as if fully set forth in this Third Cause of Action.

43.    The investment contracts at issue are securities as defined in the Securities Act of 1933, §2(1), 15 U.S.C. §77*b*(1).

44.    Defendant obtained money and property of the plaintiff by means of written and oral statements of material fact which were untrue and/or which omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

45.    Defendants' actions and omissions constitute a fraudulent and deceptive device and contrivance calculated to and in fact inducing the plaintiff to part with money and property.

46.    At the time of the plaintiff's investments defendants and each of them knew or should have known that the investments were highly speculative and risky and that such investments were directly contrary to the plaintiff's stated investment goals of preservation of principal, growth, non-fluctuating income, marketability and liquidity.

47.     At the time of his purchases of limited partnership interests and this investments plaintiff was unaware of the manipulative and deceptive devices and contrivances then being employed and used by the defendants and reasonably relied upon the statements and assurances of defendants.

48.     Had the plaintiff known of the foregoing fraudulent and deceptive devices and contrivances then being employed and used by the defendants he would not have purchased the mortgage backed fixed income investment contracts and other investment contracts offered by defendants.

49.     Pursuant to the Securities Act of 1933, §17(a), 15 U.S.C. §77q(a), the plaintiff is entitled to recover of the defendants all damages, including attorneys fees with interest thereon from the date of his original purchases, all together with such punitive and exemplary damages as are proper under the circumstances.

### FOURTH CAUSE OF ACTION
(Fraudulent  Sale of Securities)

50.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 50 as if fully set forth in this Fourth Cause of Action.

51.     The investment contracts at issue are securities as defined in the Securities Act of 1934, §3(a)(10), 15 U.S.C. §78*c*(a)(10).

52.     Defendant obtained money and property of the plaintiff by means of written and oral statements of material fact which were untrue and/or which omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

53.     Defendants' actions and omissions constitute a manipulative and deceptive device and contrivance calculated to and in fact inducing the plaintiff to part with money and property in contravention of the Securities Exchange Act of 1934 §10(b), 15 U.S.C. §78j(b) and the Rules and Regulations promulgated by the United States Securities and Exchange Commission, including Rule 10(b)(5), 17 C.F.R. §270.10b-5.

54.     At the time of the plaintiff's investments defendants and each of them knew or should have known that the investments were highly speculative and risky and that such investments were directly contrary to the plaintiff's stated investment goals of preservation of principal, growth, non-fluctuating income, marketability and liquidity.

55.     At the time of his purchases of limited partnership interests and other investments plaintiff was unaware of the manipulative and deceptive devices and contrivances then being employed and used by the defendants and reasonably relied upon the statements and assurances of defendants.

56.     Had the plaintiff known of the foregoing fraudulent and deceptive devices and contrivances then being employed and used by the defendants he would not have purchased the mortgage backed fixed income investment contracts and other investment contracts offered by defendants.

57.     Pursuant to the Securities Exchange Act of 1934 §10(b), 15 U.S.C. §78j(b) and the Rules and Regulations promulgated by the United States Securities and Exchange Commission, including Rule 10(b)(5), 17 C.F.R. §270.10b-5, the plaintiff is entitled to recover of the defendants all damages, including attorneys fees with interest thereon from the date of his original purchases, all together with such punitive and exemplary damages as are proper under the circumstances.

## FIFTH CAUSE OF ACTION
### (Common Law Fraud)

58.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 58 as if fully set forth in this Fifth Cause of Action.

59.     Defendant obtained money and property of the plaintiff by means of written and oral statements of material fact which were untrue and/or which omitted to state material facts necessary in order to make the statements, in light of the circumstances under which they were made, not misleading.

60.     Defendants' actions and omissions constitute a manipulative and deceptive device and contrivance calculated to and in fact inducing the plaintiff to part with money and property.

61.     At the time of the plaintiff's investments defendants and each of them knew or should have known that the investments were highly speculative and risky and that such investments were directly contrary to the plaintiff's stated investment goals of preservation of principal, growth, non-fluctuating income, marketability and liquidity.

62.     At the time of his purchases of limited partnership interests and other investments plaintiff was unaware of the manipulative and deceptive devices and contrivances then being employed and used by the defendants and reasonably relied upon the statements and assurances of defendants.

63.     Had the plaintiff known of the foregoing fraudulent and deceptive devices and contrivances then being employed and used by the defendants he would not have purchased the mortgage backed fixed income investment contracts and other investment contracts offered by defendants.

13

64.     The plaintiff is entitled to recover of the defendants all damages, including attorneys fees with interest thereon from the date of his original purchases, all together with such punitive and exemplary damages as are proper under the circumstances.

## SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation)

65.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 65 as if fully set forth in this Sixth Cause of Action.

66.     The mortgage backed fixed income investment contracts and other investment contracts were sold by means of the negligent misrepresentations and omissions of material fact which induced the plaintiff to part with money and property.

67.     Moreover, at the time of the plaintiff's investments defendants and each of them knew or should have known that the investments were highly speculative and risky and that such purchases were directly contrary to the plaintiff's stated investment goals of preservation of principal, growth, non-fluctuating income, marketability and liquidity.

68.     At the time of his investments in mortgage backed fixed income investment contracts and other investments plaintiff was unaware of the negligent misrepresentations and omissions of material fact and reasonably relied upon the statements and assurances of his attorney and investment advisor, George J. Otlowski, and the remaining defendants.

69.     Had the plaintiff known of the foregoing negligent misrepresentations and omissions of material fact he would not have purchased said mortgage backed fixed income investment contracts and other investments and would have earlier sold the mortgage backed fixed income investment contracts and other investment contracts made on his behalf by defendants.

14

70.     The plaintiff is entitled to recover of the defendants all damages, including attorneys fees with interest thereon from the date of his original purchases, all together with such punitive and exemplary damages as is proper under the circumstances.

**SEVENTH CAUSE OF ACTION**
<u>(Breach of Contract)</u>

71.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 71 as if fully set forth in this Seventh Cause of Action.

72.     Defendants have breached their contract with the plaintiff, resulting in damages, including the loss of money and property invested through the defendants.

73.     Plaintiff is entitled to recover all losses on investment contracts made through the defendants.

**EIGHTH CAUSE OF ACTION**
<u>(Violation of Section 349 of N.Y. General Business Law)</u>

74.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 74 as if fully set forth in this Eighth Cause of Action.

75.     The mortgage backed fixed income investment contracts and other investment contracts were sold by means of deceptive acts and practices, which induced the plaintiff to part with money and property.

76.     Moreover, at the time of the plaintiff's investments defendants and each of them knew or should have known that the investments were highly speculative and risky and that such purchases were directly contrary to the plaintiff's stated investment goals of preservation of principal, growth, non-fluctuating income, marketability and liquidity.

15

77.     At the time of his purchases of the limited partnership interests plaintiff was unaware of the deceptive acts and practices then being employed by the defendants and reasonably relied upon the statements and assurance of his investment advisors, brokers and the remaining defendants.

78.     Had the plaintiff known of the foregoing deceptive acts he would not have purchased and/or would have earlier sold the mortgage backed fixed income investment contracts and other investment contracts made on his behalf at a higher price.

79.     As a result of the foregoing, the plaintiff is entitled to recover of the defendants all damages, including reasonable attorneys fees with interest thereon from the date of his original purchases, all together with such punitive and exemplary damages as is proper under the circumstances.

## NINTH CAUSE OF ACTION
### (Violation of New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 et.  seq.)

80.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 80 as if fully set forth in this Ninth Cause of Action.

81.     The mortgage backed fixed income investment contracts and other investment contracts were sold by means of deceptive acts and practices which induced the plaintiff to part with money and property.

82.     Moreover, at the time of the plaintiff's investments defendants and each of them knew or should have known that the investments were highly speculative and risky and that such purchases were directly contrary to the plaintiff's stated investment goals of preservation of principal, growth, non-fluctuating income, marketability and liquidity.

83.     At the time of his purchases of the limited partnership interests plaintiff was unaware of the deceptive acts and practices then being employed by the defendants and reasonably relied upon the statements and assurance of his investment advisors, brokers and the remaining defendants.

84.     Had the plaintiff known of the foregoing unconscionable commercial practice, deception, fraud, false pretense, false promise, or misrepresentation of material facts he would not have purchased and/or would have earlier sold the mortgage backed fixed income investment contracts and other investment contracts made on his behalf at a higher price.

85.     As a result of the foregoing, the plaintiff has suffered an ascertainable loss in a sum equal to his investments in the limited partnership interests, $182,487.51 plus interest and is entitled to recover of the defendants treble damages pursuant to N.J.S.A. Section 56:8-1 et. seq., attorneys fees with interest thereon from the date of his original purchases, all together with such punitive and exemplary damages as is proper under the circumstances.

## TENTH CAUSE OF ACTION
### (Breach of Fiduciary Duty)

86.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 86 as if fully set forth in this Tenth Cause of Action.

87.     Defendants have breached their fiduciary duties to the plaintiff, resulting in damages, including the loss of money and property invested through the defendants.

88.     Plaintiff is entitled to recover all losses on investment contracts made through the defendants together with such punitive and exemplary damages as the trier of fact deems appropriate.

## JURY DEMAND

Plaintiff requests Trial By Jury.

WHEREFORE the plaintiff demands judgment against the Defendants as follows:  (A) awarding plaintiff monetary damages in a sum equal to his investments in the limited partnership interests, $182,487.51 plus interest; (B) awarding treble damages in a sum equal to $547,462.53 plus interest; and (C) exemplary and punitive damages, in the amount of $1,000,000.00, all together with the costs and disbursements of this action, including attorneys fees and such other and further relief as is proper under the circumstances.

Dated:     July 21, 2005
           West Patterson, New Jersey

                          GREENWALD LAW OFFICES,
                          *Attorneys for Plaintiff*


          By:     _____
                  Thomas C. Landrigan (TL–3116)
                  PNC Bank Building
                  One Garret Mountain Plaza, 6th Floor
                  West Patterson, New Jersey 07424
                  Telephone: (973) 754-0031

18